**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| AT&T MOBILITY, LLC | § § § | |
| Defendant. | § § | |
| _____ | § | |

## COMPLAINT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "RBDS") files this Original Complaint against AT&T Mobility, LLC ("Defendant" or "AT&T") for infringement of United States Patent No. 8,856,221 (hereinafter "the '221 Patent").

## PARTIES AND JURISDICTION

1.       This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.       Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.       Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4.       On information and belief, Defendant AT&T is a Delaware limited liability company with a principal place of business at 1025 Lennox Park Boulevard, Atlanta, Georgia 30319.

5.      On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

<u>**VENUE**</u>

7.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district.  In addition, and in the alternative, Defendant has committed acts of infringement in this District.

<u>**COUNT I**</u>
**(INFRINGEMENT OF UNITED STATES PATENT NO 8,856,221)**

8.      Plaintiff incorporates paragraphs 1-7 herein by reference.

9.      This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10.      Plaintiff is the owner by assignment of the '221 Patent with sole rights to enforce the '221 Patent and sue infringers.

11.      A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

12.      The '221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.      Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '221 Patent by making, using, importing,

selling, and/or offering for media content storage and delivery systems and services covered by one or more claims of the '221 Patent.

14. On information and belief, Defendant sells, offers to sell, and/or uses media content storage and delivery systems and services, including, without limitation, AT&T's U-Verse system and service, which infringes at least Claim 1 of the '221 Patent.

15. On information and belief, AT&T's U-Verse necessarily includes at least one server for hosting and storing media content for customers.

16. On information and belief, the at least one server necessarily includes a receiver to receive request messages from customers.  On information and belief, customers may send messages to the server (e.g., via selections and signals generated by remote control or otherwise).

17. On information and belief, a message received from a customer includes media data indicating the media content that the customer wishes to view.  U-Verse customers send their media storage and delivery selections to AT&T's U-Verse system and the transmission of those messages is accomplished over the Internet.  On information and belief, the media data received by AT&T's server(s) also includes a consumer device identifier.  AT&T's U-Verse system limits access to content based upon a customer's subscription, and thus a customer's device must be associated with a customer in order for the device's access to content to be dictated by a customer's subscription status.  AT&T's U-Verse system accomplishes the forgoing through the use of a Login screen which allows a user to enter ID and password information.

18. On information and belief, AT&T's U-Verse system necessarily includes a processor to determine whether the customer's device is registered.  U-Verse service is available for delivery to different devices owned by a registered customer.  AT&T's U-Verse system has

to be able to determine whether the device in question is a registered device.

19.     AT&T's U-Verse system provides for both media downloads and media streaming.  On information and belief, a processor within AT&T's U-Verse system necessarily determines whether the request received from a customer is a request for storage (e.g., download of media content) or content (e.g., streaming of media content).

20.     AT&T's U-Verse advertising and online tutorials indicate that all of AT&T's U-Verse's content is not available in all regions.   Additionally, not all customer subscriptions provide access to all of the content on AT&T's U-Verse system.  Therefore, on information and belief, a processor must determine whether requested content within a storage request is, in fact, available for storage.

21.     If a customer requests content (e.g., streaming of media content), then, on information and belief, a processor within AT&T's U-Verse system necessarily initiates delivery of the content to the customer's device.

22.     AT&T's U-Verse system's provides both streaming content (e.g., through its On-Demand feature) and download content (e.g., through its DVR feature).  In either case, for at least certain media content delivery, AT&T's U-Verse system provides for a certain time period that the delivered content, or content ready for delivery, may be stored.  In some examples, the storage time is 2 days.  After the storage time, the content is no longer available for viewing.  Therefore, on information and belief, the media data within a request message necessarily includes data indicating a length of time to store the requested content.

23.     On information and belief, not all requested content will exist in AT&T's U-Verse system.  Also, even if requested content is available, AT&T's U-Verse system provides for restrictions on delivery of content (e.g., parental controls, limiting streaming of certain

content to certain regional areas, etc.).  Therefore, on information and belief, a processor within AT&T's U-Verse system necessarily determines whether content is available and whether there are restrictions associated with a customer's content request that prevent the content from being delivered.

24.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

25.     Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

26.     Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,437,797 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: April 8, 2016                          Respectfully submitted,


                                              */s/ Jay Johnson*_____
                                              **JAY JOHNSON**
                                              State Bar No. 24067322
                                              **D. BRADLEY KIZZIA**
                                              State Bar No. 11547550
                                              **ANTHONY RICCIARDELLI**
                                              State Bar No. 24070493
                                              **KIZZIA JOHNSON, PLLC**
                                              1910 Pacific Ave., Suite 13000
                                              Dallas, Texas 75201
                                              (214) 451- 0164
                                              Fax: (214) 451- 0165
                                              jay@kpllc.com
                                              bkizzia@kpllc.com
                                              anthony@kjpllc.com

                                              **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A