# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **ROTHSCHILD BROADCAST** § <br> **DISTRIBUTION SYSTEMS, LLC** § <br> § <br> v. § <br> § <br> **AT&T SERVICES, INC.** § | | **CIVIL ACTION NO.  2:16-CV-00385-RWS** <br><br> **PATENT CASE** |
| **ROTHSCHILD BROADCAST** § <br> **DISTRIBUTION SYSTEMS, LLC,** § <br> § <br> v. § <br> § <br> **BARNES & NOBLE, INC.,** § <br> **BARNESANDNOBLE.COM LLC** § | | **CIVIL ACTION NO.  2:16-CV-00402-RWS** <br><br> **PATENT CASE** |
| **ROTHSCHILD BROADCAST** § <br> **DISTRIBUTION SYSTEMS, LLC,** § <br> § <br> v. § <br> § <br> **PLEX, INC.** § | | **CIVIL ACTION NO.  2:16-CV-00404-RWS** <br><br> **PATENT CASE** |
| **ROTHSCHILD BROADCAST** § <br> **DISTRIBUTION SYSTEMS, LLC,** § <br> § <br> v. § <br> § <br> **SONY COMPUTER ENTERTAINMENT** § <br> **AMERICA LLC** § | | **CIVIL ACTION NO.  2:16-CV-00405-RWS** <br><br> **PATENT CASE** |

## CONSOLIDATION ORDER

The passage of the Leahy-Smith America Invents Act, which clarified the joinder requirements for cases alleging patent infringement, resulted in a significant increase in the number of "serially" filed patent cases on the Court's docket.  Such serially filed cases, by their nature, involve common issues of law or fact, including claim construction and validity.  "If

actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). In applying Rule 42, a court has considerable discretion. *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012); *see Lurea v. M/V Albeta*, 635 F.3d 181, 194 (5th Cir. 2011) (". . . Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.' "). Because the above-styled cases involve a common question of law or fact, consolidating these cases promotes efficient case management.

Accordingly, the Court **ORDERS** that the above-styled cases are consolidated for pretrial issues only, with the exception of venue. The earliest filed civil action (**2:16-cv-00385**) shall serve as the lead case for the consolidated issues. The Clerk of the Court shall add the consolidated defendants to the lead case, as well as lead and local counsel only. Any other counsel who wishes to appear in the lead case shall file a notice of appearance in that case. The originally filed member cases will remain active for venue motions and trial. Additionally, all pending motions will be considered as filed and without any prejudice due to consolidation (responsive briefs should be filed in the same case as the pending motion). Should the parties file motions to transfer or motions to sever and transfer, the Court will consider these motions only as to the defendants in the member cases, not as to all defendants in the pretrial consolidated case.[1] *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:12CV508, 2012 WL 3307942, at *4 (E.D. Tex. Aug. 10, 2012). All future pretrial filings, other than venue motions, shall be filed in the lead case.

---

[1] If one or more defendants wish to file a consolidated venue motion, those defendants may, at their election, file consolidated briefing in the lead case that clearly indicates which defendants have joined the motion.

The page limitations in the local rules for *Markman* briefs and other motions will apply to the lead case.  To further promote judicial economy and to conserve the parties' resources, the Court encourages the parties to file a notice in the event that there are other related cases currently pending on the Court's docket, as well as any future cases Plaintiff intends to file, that may also be appropriate for consolidation with the lead case.

**SIGNED this 19th day of July, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE